## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

MIGUEL FORTEZA-GARCIA,

      **Plaintiff,**

          v.

UNITED STATES OF AMERICA,

      **Defendant.**

      **CIVIL. NO. 20-1145 (RAM)**

### OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

    Pending before the Court is Petitioner Miguel Forteza-García's *Second Motion to Vacate, Set Aside or Correct Sentence* ("*Second Motion*") pursuant to 28 U.S.C. § 2255. (Docket No. 2). Having considered the arguments of the parties, the Court **DENIES** Petitioner's *Second Motion*. (Docket Nos. 2, 7 and 9). No certificate of appealability shall issue as the *Second Motion* fails to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). In accordance with Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit ("First Circuit").

## I.   BACKGROUND

### A. Criminal Case No. 03-cr-0073-3 (JAF)[1]

On March 12, 2003 a Grand Jury returned the original indictment in Case No. 03-cr-0073-3 (JAF). (Docket No. 7). The 6-count indictment charged Petitioner Miguel Forteza-García ("Petitioner" or "Forteza-García") and co-defendants Angel Forteza-García and David Gómez-Olmeda with robbing and murdering A.V.G., a confidential informant. Id.

On September 24, 2003, Petitioner plead guilty to Count Three of the original Indictment in Criminal Case no. 03-cr-0073-3 pursuant to a plea agreement. (Docket Nos. 7 and 125). Count Three charged Petitioner and his co-defendants with a violation of 18 U.S.C. §§ 924(c)(3) and 924 (j) and 2 in the course of committing a violation of Title 18 U.S.C. § 2114 (robbery of mail or any money or property of the United States). Id.

Judgment was entered against Forteza-García on January 15, 2004 and he was sentenced to Three-Hundred Twenty-Four (324) months of imprisonment and five (5) years of supervised release. (Docket No. 189).

### B. Civil Case No. 20-01145 (RAM)

In the *Second Motion*, Petitioner posits that his conviction under 18 U.S.C. §§ 924(c) and 924(j) and 2 for unlawfully

---

[1] Any reference to a docket entry in this section will only refer to docket entries in Criminal Case No. 03-0073-3.

possessing, using, or carrying a firearm in relation to a crime of violence resulting in murder as defined in 18 U.S.C. § 1111 must be vacated. (Docket No. 2 at 6). He avers therein that the predicate crime underlying the Section 924(c) and (j) and 2 convictions, 18 U.S.C. 2114(a) (assault and robbery of money or property of the United States or "postal robbery"), is not "a crime of violence" under Section 924(c)(3)(A) (the "force clause"). Id. Petitioner therefore argues that his "conviction cannot be sustained, as the underlying crime categorically fails to qualify as a crime of violence." Id.

The Government responds that Petitioner's Section 924(c) conviction is predicated on the "aggravated modality" of 18 U.S.C. 2114(a). (Docket No. 7 at 7). It also points to case law from the United States District Court for District of Puerto Rico ("District of Puerto Rico") and other United States Circuit Courts of Appeals which have concluded that 18 U.S.C. § 2114(a)'s "aggravated modality" is a "crime of violence." Id. Lastly, the Government supplemented its response and explained that 18 U.S.C. § 2114 is a "crime of violence" because according to multiple Circuit Courts of Appeals the word "rob" in the statute refers to common-law robbery which requires force or violence. (Docket No. 9 at 2-3).

The Court need not determine whether robbery or assault in the first part of 18 U.S.C. § 2114(a) constitute "crimes of violence." Nor must it determine whether the offense in 18 U.S.C.§

2114(a) is not a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) (the "residual clause") because the Supreme Court of the United States has already declared the residual clause void for vagueness. *See* United States v. Davis, 139 S. Ct. 2319 (2019). Instead, for the following reasons explained below, the Court holds that the predicate offense in this case is 18 U.S.C. § 2114(a)'s "aggravated offense" which *is* a "crime of violence" under Section 924(c)(3)(A)'s "force clause."

First, 18 U.S.C. § 2114(a) is a divisible statute with an aggravated offense that provides for enhanced penalties when a victim is wounded, or the victim's life is put in jeopardy using a dangerous weapon. Persuasive precedent from several United States Courts of Appeals and the District of Puerto Rico have held that the aggravated offense in 18 U.S.C. § 2114(a) **constitutes a "crime of violence"** under Section 924(c)(3)(A)'s "force clause."

Second, applying the modified categorical approach by examining the Indictment, the Plea Agreement, and the plea colloquy confirms that Petitioner **plead guilty** to the aggravated offense in 18 U.S.C. § 2114(a).

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody under a sentence of a Federal Court may move the Court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was
> imposed in violation of the Constitution or
> laws of the United States, or that the court
> was without jurisdiction to impose such
> sentence, or that the sentence was in excess
> of the maximum authorized by law or is
> otherwise subject to collateral attack.

A petitioner's post-conviction request for relief "must show that his sentence 'reveal[s] fundamental defects which, if uncorrected, will result in a complete miscarriage of justice.'" Gandia-Maysonet v. United States, 2020 WL 5646457, at *2 (D.P.R. 2020) (quoting Lebron Ortiz v. United States, 2015 WL 2400746, at *2 (D.P.R. 2015)). Thus, the petitioner bears the burden of establishing the defect. Id.

Likewise, "[w]hen a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing." U.S. v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) (citations omitted). To determine whether the petitioner has met this burden, "the court must take many of petitioner's factual averments as true," but it need not "give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." Id. (citation omitted). A hearing on such a petition "generally is not necessary when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974). Simply put, a Section 2255 motion "'may be

denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.'" McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)) (internal quotation omitted).

### III. DISCUSSION

No hearing has been requested or is necessary in this case because the *Second Motion* presents **only legal issues** and does not require resolving any disputed factual issues. *See* Gandia-Maysonet, 2020 WL 5646457, at *2 (quoting Miller v. United States, 564 F.2d 103, 106 (1st Cir. 1977)) ("Where there are no disputed facts crucial to the outcome, leaving only questions of law, [§] 2255 does not require a hearing; the motion may be decided [...] without oral presentation").

**A. Section 924 (C)(3)(A) and the approaches to analysis of whether a predicate offense is a "crime of violence".**

Section 924(c)(1) provides for enhanced penalties to:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]

18 U.S.C. § 924(c)(1). Furthermore, Section 924(c)(3) contains two definitions of the statutory term "crime of violence." A "crime of violence" either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924 (c)(3). Section 924(c)(3)(A) is known as the "**force clause**". *See* United States v. Rose, 896 F.3d. 104, 106 (1st Cir. 2018). Whereas section 924(c)(3)(B) is known as the "residual clause." Id. The Court need not dwell on subsection "B" as it has been declared unconstitutional. *See* Davis, 139 S. Ct. at 2336.

As explained by the First Circuit, the first step in determining whether a statute is a "crime of violence" under Section 924(c)(3)(A)'s force clause, is to ascertain "whether the criminal statute of the predicate offense is indivisible or divisible." King v. United States, 965 F.3d 60, 65 (1st Cir. 2020). An indivisible statute contains a "single, indivisible set of elements[,]" instead of containing alternative elements, "that criminalizes a broader swath of conduct than the relevant generic offense." Descamps v. United States, 570 U.S. 254, 258 (2013). This indivisible statute may also "enumerate[] various factual means of committing a single element." United States v. Faust, 853

F.3d 39, 52 (1st Cir. 2017); *see also* <u>Mathis v. United States</u>, 136
S.Ct. 2243, 2249 (2016) (providing hypothetical examples of
indivisible statutes). Conversely, a statute is considered
"divisible" when it "sets out one or more elements of the offense
in the alternative[,]" thereby "listing potential offense
elements." <u>Descamps</u>, 570 U.S. at 257, 260. A "divisible" statute
therefore "comprises multiple, alternative versions of the crime."
<u>Id.</u> at 262. Moreover, when "statutory alternatives carry different
punishments, then . . . they must be elements." <u>Mathis</u>, 136 S.Ct.
at 2256.

To determine whether an indivisible statute is a "crime of
violence," courts apply a "categorical approach" that considers
"the elements of the crime of conviction, **not the facts of how it
was committed**, and assess[es] whether violent force is an element
of the crime." <u>United States v. Taylor</u>, 848 F.3d 476, 491 (1st
Cir. 2017) (emphasis added). However, for divisible statutes,
courts use a "modified categorical approach." This approach is
used when certain "alternative elements require the use, attempted
use, or threatened use of physical force while others do not[.]"
<u>King</u>, 956 F.3d at 66. It consists of analyzing a limited set of
*Shepard* documents "such as the charging documents, plea
agreements, plea colloquies, jury instructions, and verdict forms
[...] to determine which of the statute's alternative elements
formed the basis of the prior conviction." <u>United States v.</u>

Delgado-Sánchez, 849 F.3d 1, 8 (1st Cir. 2017) (quoting United States v. Castro-Vazquez, 802 F.3d 28, 35 (1st Cir. 2015). The objective of looking at those documents is to "determine which of the enumerated alternatives within the statute constituted the actual crime of conviction." King, 965 F.3d at 66 (citation omitted). These documents also help the sentencing court to "compare[] only this specific offense with the relevant generic offense." United States v. Burghardt, 939 F.3d 397, 406 (1st Cir. 2019) (citing Mathis, 136 S.Ct. at 2249). Moreover, "under the modified categorical approach, if the crime of conviction involves the use, attempted use, or threatened use of physical force against the person or property of another, then the offense qualifies a crime of violence under § 924(c)'s force clause." King, 965 F.3d at 66 (citation omitted).

   **B. The aggravated offense in 18 U.S.C. § 2114(a) is a "crime of violence" for purposes of 18 U.S.C. § 924(c)(3)(A)'s force clause.**

   Forteza-García contends that the underlying crime to his 924(c)(3) conviction, 18 U.S.C. § 2114(a), is not a "crime of violence" for purposes of 924(c)(3)(A)'s force clause. (Docket No. 2 at 6). The Court disagrees. 18 U.S.C. § 2114(a) *is* a divisible statute with an aggravated offense that is categorically a predicate "crime of violence" under Section 924(c)(3)(A)'s force clause. Application of the modified categorical approach leads to

the conclusion that Forteza-García plead guilty to 18 U.S.C. §

2114(a)'s **aggravated offense**.

The postal robbery statute provides that:

> A person who assaults any person having lawful
> charge, control, or custody of any mail matter
> or of any money or other property of the United
> States, with intent to rob, steal, or purloin
> such mail matter, money, or other property of
> the United States, or robs or attempts to rob
> any such person of mail matter, or of any
> money, or other property of the United States,
> shall, for the first offense, be imprisoned
> not more than ten years; **and if in effecting
> or attempting to effect such robbery he wounds
> the person having custody of such mail, money,
> or other property of the United States, or
> puts his life in jeopardy by the use of a
> dangerous weapon,** or for a subsequent offense,
> **shall be imprisoned not more than twenty-five
> years**.(Emphasis added).

18 U.S.C. § 2114(a). While the First Circuit has not weighed in on

the issue, multiple United States Courts of Appeals have concluded

that **18 U.S.C. § 2114(a) is a divisible statute**. As the highlighted

text after the semicolon shows, the statute provides for an

increased penalty of imprisonment of up to twenty-five years when

in the course of the assault or robbery the defendant: (1) wounds

the person having custody of property of the United States; *or* (2)

puts the person's life in jeopardy by the use of a dangerous

weapon. *See* United States v. Bryant, 949 F.3d 168, 174 (4th Cir.

2020); Knight v. United States 936 F.3d 495, 498-99 (6th Cir.

2019); United States v. Enoch, 865 F.3d 575, 5801-81 (7th Cir.

2017), cert. denied 138 S.Ct. 1015 (2018); United States v. Thomas, 703 F. App'x 72, 78 (3d Cir. 2017) (affirming appellant's § 924(c) conviction because "the jury had an adequate factual basis to conclude that § 2114(a), committed while using and carrying a firearm, is a crime of violence."); In re Watts, 829 F.3d 1287, 1289-90 (11th Cir. 2016).

Other judges in the District of Puerto Rico have reached the same conclusion. *See* Rojas-Tapia v. United States, 2020 WL 3690398, at *5 (D.P.R. 2020). The Court held therein that "Circuit Courts have determined that 18 U.S.C. § 2114(a) carries a 'separate aggravated offense that includes the wounding **or putting the victim's life in jeopardy by the use of dangerous weapon**.'" Id. (emphasis in original); *see also*, Rojas-Tapia v. United States, 458 F.Supp. 3d 111, 119-121 (D.P.R. 2020). Thus, the Court agrees with the Government's argument that **we are dealing with a divisible statute**. (Docket No. 7 at 6-7).

The aggravated offense in 18 U.S.C. § 2114(a) is "crime of violence" for Section 924 purposes because "wounding" and putting a victim's life "in jeopardy" with a "dangerous weapon" are elements that entail "the use, attempted use, or threatened use of physical force against the person." 18 U.S.C. § 924(c)(3)(A). The Seventh Circuit Court of Appeals ("Seventh Circuit") reached a similar conclusion in United States v. Enoch when it concluded that the second part of 18 U.S.C. § 2114(a) is a crime of violence

under Section 924(c)(3)'s force clause in a case involving brandishing of a weapon. *See* Enoch, 865 F.3d at 582. As aptly put by the Seventh Circuit:!

> We cannot see how a defendant can brandish a gun in such a manner as to put the life of a victim in jeopardy **without** committing an offense that "has as an element the use, attempted use, or threatened use of physical force against the person and property of another."

Id. (quoting 18 U.S.C. § 924(c)(3)(A)) (emphasis added). *See also* United States v. Dowd, 451 F.3d 1244, 1252 n.8 (11th Cir. 2006) (holding that the aggravated § 2114(a) violations stemming from the fact that the appellant placed the victim's life in jeopardy by using a dangerous weapon "undisputedly describes a crime of violence."); Rojas-Tapia, 2020 WL 36960398, at *5 (holding that Petitioner's conviction under 18 U.S.C. § 2114(a) was a "crime of violence" under Section 924(c)'s force clause because he used firearms and placed the lives of postal employees in danger).

Pursuant to the modified categorical approach, the Court reviewed the Indictment, the Plea Agreement, and the plea colloquy. (Case No. 03-cr-0073-3, Docket Nos. 7, 125 and 232). These documents show that the predicate offense underlying Forteza-García's Section 924(c) conviction is 18 U.S.C. § 2114(a)'s aggravated offense because Petitioner agreed to plead guilty to the elements of "wounding" and putting A.V.G.'s life "in jeopardy"

with a "dangerous weapon" in the course of assaulting A.V.G with the intent to rob, steal or purloin money of the United States that was within his custody. (Case No. 03-cr-0073-3, Docket No. 232 at 18). Thus, Forteza-García's Section 924(c) and (j) convictions are valid.

In the Plea Agreement, Petitioner plead guilty to Count Three of the original Indictment which states that Petitioner and his co-defendants:

> [A]aiding and abetting each other, and, aided and abetted by others to the Grand Jury unknown, **did willfully, intentionally and unlawfully possess, use or carry a firearm during and in relation to a crime of violence…that is assaulting an individual who lawfully had charge, control, or custody of money of the United States, with intent to rob, steal, or purloin said money, as set forth in COUNT ONE herein, which is realleged and incorporated by reference herein, an offense that they could be prosecuted in a court of the United States as a violation to Title 18, United States Code, Section 2114, and, in the course of that crime of violence, the defendants herein unlawfully killed A.V.G., with malice aforethought through the use of a firearm**, which is murder, as defined, in Title 19 United States Code Section 1111, by knowingly, willfully, deliberately and maliciously and with premeditation shooting A.V.G. with a firearm thus causing his death, all in violation of Title 18 United States Code Section 924 (j) and 2.

(Case No. 03-cr-0073-3, Docket No. 7 at 2-3; 125 at 1-2) (emphasis added). The Indictment charged Petitioner and his co-defendants with possessing and using a dangerous weapon, that is the firearm,

during the assault, robbery and killing of A.V.G. who had charge, control, or custody of money of the United States. (Docket No. 7 at 2-3). To state the obvious, a firearm *is* a dangerous weapon because "as used or attempted to be used, [it] may endanger the life of or inflict great bodily harm on a person." Taylor, 848 F.3d at 493-494; *see also* Rojas-Tapia, 2020 WL 3960398, at *6 (identifying a 9mm pistol, a .40 caliber semi-automatic Glock pistol, and a semi-automatic AK-47 type assault rifle as "dangerous weapons."). **Thus, Count Three stated all of the elements of a violation of 18 U.S.C.§ 2114(a)'s aggravated offense**. Further, in both the Plea Agreement and the plea colloquy, Petitioner acknowledged these elements of the offenses. (Case No. 03-cr-0073-3, Docket Nos. 125 at 1-2; 232 at 17-18). In particular, the Transcript of the September 24, 2003 Change of Plea reflects where Petitioner was read Count Three by the Court and he acknowledged the charges. (Case No. 03-cr-0073-3, Docket No. 232 at 10, 17-18, 26).

**By pleading guilty to Count Three, Petitioner plead guilty to the aggravated offense in 18 U.S.C. § 2114(a) because the indictment alleged that A.V.G. was** underlined:**wounded** **(mortally) and his life was** underlined:**placed in jeopardy** **(taken) with a dangerous weapon in the course of assaulting and robbing him while he had custody of money belonging to the United States**. Moreover, even though Petitioner did not plead guilty to Count One of the Indictment, that is a

violation to 18 U.S.C. § 20114(a), the plea colloquy demonstrates that Petitioner agreed to plead guilty to a charge wherein he admitted to having been involved in the assault, killing and robbing of A.V.G. with a firearm. Id. at 18, 26, 38-41. Similarly, during the plea colloquy and after the Government's proffer of the factual basis for Count Three, the Court asked Petitioner whether he accepted his involvement in the killing and robbing of A.V.G. and Petitioner replied in the affirmative "Yes." Id. at 40. Thus, **Petitioner admitted to having committed the predicate offense.** As stated by several United States Courts of Appeals "[b]y its plain language, section 924 does not require that a defendant be convicted of, or even charged with, the predicate offense to be found guilty of using or carrying a firearm in relation to the predicate offense." United States v. Frye, 402 F.3d 1123, 1127 (11th Cir. 2005). *See also* United States v. Munoz-Fabela, 896 F.2d 908, 911 (5th Cir. 1990) ("[I]t is only the fact of the offense, and not a conviction, that is needed to establish the required predicate."); Harris v. United States, 2013 WL 12450621, at *3 (M.D. Fla. 2013) ("[A] defendant does not have to be convicted of, or even charged with, the predicate offense to be found guilty of using or carrying a firearm in relation to the predicate offense. Section 924 requires only that the crime of violence be one that "may be prosecuted.")

Lastly, First Circuit precedent precludes any potential argument that "aiding and abetting" a "crime of violence" does not satisfy 924(c)'s force clause. According to First Circuit case law, 18 U.S.C. § 2 "makes an aider and abettor 'punishable as the principal,' and thus no different for purposes of the categorical approach than one who commits the substantive offense." United States v. García-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018) (citation omitted). *See also* Gonzales v. Duenas Alvarez, 549 U.S. 183, 189 (2007) ("[E]very jurisdiction—all States and the Federal Government—has 'expressly abrogated the distinction' among principals and aiders and abettors".); Ocasio-Ruiz v. United States, 2020 WL 4437858, at *9 n. 15 (D.P.R. 2020) ("[T]he fact that Petitioner was charged as an "aider an abettor" does nothing to change the underlying crime's category of "crime of violence".); Rojas-Tapia, 2020 WL 36960398, at *5 (holding that "since the 'separate aggravated offense' of 18 U.S.C. § 2114(a) is a 'crime of violence', the aiding and abetting conviction against Petitioner constitutes a 'crime of violence' in itself."). The Court sees no reason to rule any differently in the case at bar.

## C. No certificate of appealability will be issued.

28 U.S.C.A. § 2253(c)(2) establishes that a District Court judge may only issue a certificate of appealability of a section 2255 proceeding "if the applicant has made a substantial showing of the denial of a constitutional right." In this case, the Court

Civil No. 20-1145 (RAM)                                                    17

will not issue a certificate of appealability because Petitioner has failed to make such a showing. *See* Morales Torres v. United States, 2019 WL 4744217 at *3 (D.P.R. 2019) (denying certificate of appealability in a case dismissing Section 2255 petition because Hobbs Act Robbery is a predicate crime of violence under Section 924(c)'s force clause).

## IV. CONCLUSION

Based on the foregoing, Petitioner Miguel Forteza-García's *Second Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255* (Docket No. 2) is **DENIED**. Judgment of dismissal **WITH PREJUDICE** will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of February 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge